## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

**UNITED STATES OF AMERICA**         **CASE NO. 2:06-CR-20089-17**

**VERSUS**                            **JUDGE ROBERT G. JAMES**

**FLETCHER FREEMAN, JR. (17)**        **MAGISTRATE JUDGE KAY**

### RULING and ORDER

Before the Court is a Motion for Modification of Sentence Under 18 U.S.C. § 3582(c)(2), filed by pro se Defendant, Fletcher Freeman, Jr. [Doc. No. 1074]. Pursuant to his motion, Defendant moves the Court to modify his sentence, such that he is granted "the maximum time allowed in a community correctional facility," or placed on home confinement. *Id.* at 2. For the reasons that follow, the motion is DENIED.

To the extent Defendant requests that the Court modify his previously-imposed sentence, the Court lacks the authority to do so in these circumstances. *See* 18 U.S.C. § 3582(c) (describing the limited circumstances in which courts may modify a term of imprisonment after it has been imposed). While Defendant suggests the Court has authority to order home confinement pursuant to Section 602 of the First Step Act[1], that provision of the First Step Act vests authority to place Defendant in home confinement with the Bureau of Prisons, not the courts. Likewise, the authority

---

[1] Section 602 of the First Step Act amended 18 U.S.C. § 3624(c)(2) with the following italicized language:

> Home confinement authority. – The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months. *The Bureau of Prisons shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph.*

18 U.S.C. § 3624(c)(2) (emphasis added).

to place Defendant in a community correctional facility prior to expiration of his term of imprisonment is vested with the Bureau of Prisons. 18 U.S.C. § 3624(c)(1); *see also Gallegos-Hernandez v. U.S.*, 688 F.3d 190, 195 (5th Cir. 2012). Pursuant to § 3582(c)(1)(A), Defendant may file a motion seeking a sentence modification only after he has fully exhausted all administrative rights to appeal within the Bureau of Prisons. However, the Court may only grant such a motion where (as applicable here) "extraordinary and compelling reasons warrant such a reduction." *Id.* at § 3582(c)(1)(A)(i). Here, Defendant does not allege that he has complied with the administrative process under 28 C.F.R. §§ 542.10-19. After Defendant has exhausted his administrative remedies on this issue, he may seek review of the Bureau of Prison's determination by bringing a petition for habeas corpus pursuant to 28 U.S.C. § 2241.

      For the reasons set forth above, the Motion for Modification of Sentence [Doc. No. 1074] is DENIED.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE